UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JERRY WOODWARD,                         :
                 Petitioner,            :
                                        :
        v.                              :        No. 2:17-cv-224
                                        :
THERESA DEBALSO and the                 :
PHILADELPHIA COUNTY                     :
DISTRICT ATTORNEY,                      :
                 Respondents.           :

_____

**O P I N I O N**
**Report and Recommendation, ECF No. 16—Adopted**

**Joseph F. Leeson, Jr.**                                    **November 1, 2019**
**United States District Judge**

## I.      INTRODUCTION

In this habeas action, *pro se* petitioner Jerry Woodward challenges the constitutionality of

a sentence arising from his 1984 conviction for first degree murder.  In that year, following a

bench trial in the Pennsylvania Court of Common Pleas for Philadelphia County, Woodward was

sentenced to life imprisonment without the possibility of parole after being convicted of first-

degree murder in connection with the stabbing death of another individual.  He was twenty years

old at the time of the offense.  Woodward's judgment of sentence was affirmed by the

Pennsylvania Superior Court, and on March 6, 1986, the Pennsylvania Supreme Court denied

allowance of an appeal.

On February 23, 2017, Woodward filed the instant petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  Woodward contends that under the Supreme Court's decisions in

two cases—(1) *Miller v. Alabama*, 567 U.S. 460 (2012), in which the Court held that a juvenile's

mandatory life sentence without the possibility of parole violates the Eighth Amendment's

prohibition on cruel and unusual punishments, and (2) *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), in which the Court held that the right recognized in *Miller* operates retroactively—his 1984 sentence of life without the possibility of parole violates his Eighth Amendment and equal protection rights.  After briefing, United States Magistrate Judge Marilyn Heffley issued a Report and Recommendation ("R&R") recommending that Woodward's habeas petition be dismissed as untimely.  Woodward has filed objections to the R&R.  After review, and for the reasons that follow, this Court adopts the R&R and dismisses Woodward's petition.

## II.     RELEVANT BACKGROUND

### A.     Woodward's offense, conviction, and subsequent challenges

On April 17, 1984, the Commonwealth of Pennsylvania charged Woodward with first-degree murder, among several other crimes, arising out of the stabbing death of a nineteen-year-old individual in a bar fight.  *See* Court of Common Pleas, Philadelphia County, Criminal Docket ("Criminal Docket"), *Com. v. Woodward*, CP-51-CR-0420522-1984, ECF No. 14-1 at 1.[1] Woodward was twenty years old at the time.  Following a bench trial in the Court of Common Pleas for Philadelphia County, on November 20, 1984, Woodward was convicted of first-degree murder, aggravated assault, simple assault, criminal conspiracy, and possessing instruments of a crime.  *Id*. at 2.  Judge Juanita K. Stout sentenced Woodward to life in prison without the possibility of parole.  *Id*.  Woodward appealed his conviction and sentence to the Pennsylvania Superior Court, which, on August 23, 1985, affirmed the judgment of sentence.  *See* Hab. Pet. ¶ 9, ECF No. 3.  On March 6, 1986, the Pennsylvania Supreme Court denied allowance of an appeal.  *Id*.; *see Com. v. Woodward*, 503 A.2d 53 (Pa. 1985).

---

[1]     The Commonwealth attached as exhibits to its response to the habeas petition print-outs of the relevant criminal dockets in the underlying case.

In 1986, Woodward filed a petition under Pennsylvania's Post Conviction Hearing Act ("PCHA"), which was denied by the Court of Common Pleas on September 21, 1989.[2] *See* Hab. Pet. ¶ 11. On April 11, 1990, the Superior Court affirmed the denial of Woodward's PCHA petition. *See Com. v. Woodward*, 577 A.2d 655 (Pa. Super. Ct. 1990). Woodward did not seek discretionary review of the denial of his PCHA petition with the Pennsylvania Supreme Court.

Not until 2012 did the next relevant event in this matter transpire. On August 13 of that year, Woodward filed a *pro se* PCRA petition for relief on the basis that his life sentence without the possibly of parole was rendered unlawful as a violation of his Eighth Amendment rights by the Supreme Court's then-recently issued decision in *Miller v. Alabama*, 567 U.S. 460 (2012). *See* Criminal Docket at 3; Hab. Pet. ¶ 11. On March 15, 2017, the Court of Common Pleas provided Woodward with notice, pursuant to Pennsylvania Rule of Criminal Procedure 907, of its intention to dismiss his PCRA petition, without a hearing, as untimely under 42 PA. CONS. STAT. § 9545(b). *See* Criminal Docket at 4. In its Rule 907 notice, the court observed that the petition did not invoke an exception to the timeliness provision of the PCRA, and that

---

[2]     The PCHA was the predecessor to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-9546. According to the Pennsylvania Supreme Court,

> [t]he purpose of the PCRA is to provide an action for persons convicted of crimes they did not commit and persons serving illegal sentences to obtain relief. The prisoner initiates the proceedings and bears the burden of proving, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the PCRA's specifically enumerated errors and that the error has not been waived or previously litigated.

*Com. v. Haag*, 809 A.2d 271, 284 (Pa. 2002); *see Com. v. Martorano*, 89 A.3d 301, 306 (Pa. Super. Ct. 2014) (quotation marks omitted) ("A PCRA petition is, generally, the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.").

Woodward was not entitled to relief under *Miller v. Alabama* because he was not under eighteen years of age at the time of his offense. *Id.* Woodward responded to the PCRA notice by claiming that he was entitled to habeas corpus relief; however, on May 1, 2017, the Court of Common Pleas dismissed his PCRA petition as untimely. *See id.* at 5. Woodward filed a timely appeal to the Superior Court, which, in a decision dated August 27, 2018, affirmed the dismissal of his PCRA petition. *See Com. v. Woodward*, No. 1655 EDA 2017, 2018 WL 4061574 (Pa. Super. Ct. Aug. 27, 2018). The Superior Court found that Woodward failed to satisfy any of the statutory exceptions to the PCRA's time bar, and that the *Miller* decision was inapplicable to Woodward because he was twenty years old—and therefore not a juvenile—when he committed the 1984 murder. *See id.* at 2.

While his 2012 PCRA petition was pending in the Court of Common Pleas, Woodward filed the instant § 2254 habeas petition on February 27, 2017. *See* Hab Pet.; *see also* Abeyance Mot., ECF No. 1. By Order dated June 8, 2017, the Undersigned referred Woodward's petition to Magistrate Judge Marilyn Heffley for a Report and Recommendation for determination as to whether the petition should be granted. *See* Order dated June 8, 2017, ECF No. 8. Judge Heffley granted the Commonwealth respondents several extensions of time to submit opposition to Woodward's petition, which they filed on November 2, 2017. *See* Resps.' Opp'n., ECF No. 14. Woodward filed a reply on November 20, 2017. *See* Reply Mem., ECF No. 15. On December 14, 2017, Judge Heffley issued her R&R, recommending that Woodward's § 2254 petition be dismissed as time-barred. *See* R&R, ECF No. 16. Woodward thereafter filed timely objections to the R&R. *See* Objs., ECF No. 17.

### B.     Woodward's § 2254 petition[3] and the Commonwealth's opposition

Woodward's arguments for habeas relief are based on the (uncontested) fact that he was twenty years old at the time he committed the offense for which he was sentenced to life without the possibility of parole. The Supreme Court held in *Miller v. Alabama* that based on developmental differences between adolescent and adult minds and the resulting implications for culpability, "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 567 U.S. at 479. Woodward asserts that "his biological process was not complete until 4/10/88, when he turned 25 years old according to brain science and social science revealed in *Miller*," and, therefore, his life sentence without the possibility of parole violates his Eighth Amendment right to be free from cruel and unusual punishment. Hab. Pet. ¶ 12. Because, according to Woodward, the substantive rule announced in *Miller* was made retroactive in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), this Court acting on his § 2254 petition is obliged to vacate his life sentence without the possibility of parole. Abeyance Mot. at 10. In addition to making an Eighth Amendment argument, Woodward contends that "failure to accord [non-juveniles] the same rights and considerations created under *Miller*, that are being accorded to [juveniles], represents the impermissible disparate treatment of (non-juveniles)," which Woodward claims violates those individuals'— and Woodward's—constitutional equal protection rights. *See id.* at 18-27.

---

[3]      Prior to filing his petition, Woodward filed a "MOTION REQUESTING [THE] DISTRICT COURT HOLD IN ABEYANCE OR SUSPENSE TIMELY FILED HABEAS PETITION," on January 13, 2017. *See* Abeyance Mot. Because at the time this "motion" was filed there was no habeas petition pending, the Court directed Woodward to comply with the local and federal rules and file a § 2254 habeas petition for the relief he sought. *See* Order dated January 24, 2017, ECF No. 2. Woodward thereafter filed his § 2254 habeas petition on February 27, 2017. In construing Woodward's arguments liberally, the Court incorporates the substantive arguments made in his pre-petition "motion" into his § 2254 petition.

The Commonwealth respondents argue that Woodward's petition is untimely and not subject to either statutory or equitable tolling, and therefore warrants dismissal. Respondents observe that under 28 U.S.C. § 2244(d), a habeas corpus petition must be filed within one year of the date the challenged judgment became final. Resps.' Opp'n. at 3. However, because Woodward's conviction and sentence became final prior to April 24, 1996, the date the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law and § 2244(d) became effective, they acknowledge he was entitled to a one-year grace period beginning April 24, 1996. *Id*. at 4. Even with the benefit of this grace period, respondents contend, Woodward did not file his petition until February of 2017—19 years and 10 months late. *Id*. Moreover, they assert that Woodward is not entitled to statutory tolling or equitable tolling. *Id*. at 4-5. Nor, they contend, is he entitled to the benefit of an alternative start date based on a new substantive constitutional right emanating from *Miller*, a case respondents state is inapplicable for the simple reason that Woodward was twenty years old, and not a juvenile, at the time of his 1984 offense. *Id*. at 5-6. In the absence of any tolling or an alternative start date, respondents assert that Woodward's untimely petition must be dismissed.

In a short reply in further support of his petition, Woodward argues that his petition should not be considered time-barred because the ruling of *Montgomery*, preceded by *Miller*, constitutes a new "fact" previously unknown to him which negates his liability for first-degree murder. Specifically, he contends the one-year limitations period "began to run after the predicates [sic] fact discovery on January 25, 2016." Reply Mem. at 1. According to Woodward, he "did not have 'actual knowledge' of the Brain Science until . . . [*Miller*], which was applied retroactively by Montgomery." *Id*. at 2. This "brain science" allegedly precludes Woodward's ability to have "specific intent" for first degree murder, notwithstanding that he was

over eighteen years old, because it shows that his brain did not reach maturity until he was twenty-five years old.  *Id*. at 3.

## C.    The Report and Recommendation

In her R&R, Judge Heffley at the outset makes several determinations pertinent to the instant petition:  (1) Woodward's conviction and sentence became final in 1986, ninety days[4] after the Pennsylvania Supreme Court denied review; and (2) barring an alternative start date or tolling, Woodward had until April 24, 1997, to file a federal habeas petition, that date marking one year from the date on which 28 U.S.C. § 2244(d) and it's one-year limitations period became effective.  *See* R&R at 2-4.

Judge Heffley then discusses whether Woodward is entitled to either statutory or equitable tolling of § 2244(d)'s one-year limitations period.  The R&R observes that under the AEDPA's statutory tolling provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  R&R at 5 (quoting 28 U.S.C. § 2244(d)(2)).  However, Judge Heffley ultimately determines that "[n]one of Woodward's post-conviction petitions tolled the AEDPA statute of limitations."  R&R at 5. With respect to Woodward's PCHA petition, the R&R concludes that because the petition was filed in 1986 and ultimately denied in 1990, well before the § 2244(d)'s one-year limitations

---

[4]    Citing *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999), Judge Heffley observes that a judgment of conviction becomes final, for limitations purposes, when the United States Supreme Court affirms the conviction and sentence on the merits or denies a timely filed certiorari petition, or when the time for filing a petition for a writ of certiorari expires.  *See* R&R at 4.  Because Woodward had ninety days to file a petition for a writ of certiorari with the Supreme Court following the Pennsylvania Supreme Court's denial of review, and because he did not seek certiorari, it was ninety days after the denial of review that his conviction and sentence became "final" for habeas purposes.

period had even begun to run (in 1996 upon passage of the AEDPA), that petition did not toll the limitations period. *Id*. (citing *Johnson v. Ryan*, No. CV 89-2999, 2015 WL 5896242, at *4 (E.D. Pa. Mar. 30, 2015) ("Consequently, petitioner's first and second PCHA petitions do not toll the AEDPA statute of limitations because they were filed and concluded before the AEDPA statute of limitations began to run."), *report and recommendation adopted*, No. CV 89-2999, 2015 WL 5884865 (E.D. Pa. Oct. 7, 2015)). Similarly, because Woodward's PCRA petition was filed in 2012, well after the one-year limitations period had closed on April 24, 1997, and because a petition "does not toll an already expired statute of limitations," Judge Heffley concludes that the PCRA petition did nothing to toll the limitations period. R&R at 5-6 (quoting *Morris v. Mazurkiewcz*, No. CIV.A. 10-7174, 2011 WL 2708498, at *3 (E.D. Pa. June 8, 2011), *report and recommendation adopted*, No. CIV.A. 10-7174, 2011 WL 2709181 (E.D. Pa. July 11, 2011)). Additionally, the R&R notes that the PCRA petition was dismissed as time-barred by the Court of Common Pleas,[5] and because a time-barred petition is not "properly filed," that petition cannot toll the limitations period. R&R at 6 (citing *Fahey v. Horn*, 240 F.3d 239, 243-44 (3d Cir. 2001)).

Judge Heffley's R&R then examines whether equitable tolling is warranted. Explaining that in the Third Circuit, there are three circumstances permitting equitable tolling—(1) where a defendant actively misleads the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum—Judge Heffley finds that Woodward does not claim or

---

[5] The denial of Woodward's PCRA petition was affirmed by the Superior Court after the R&R was issued. *See Com. v. Woodward*, No. 1655 EDA 2017, 2018 WL 4061574 (Pa. Super. Ct. Aug. 27, 2018).

set forth any circumstances warranting equitable tolling of his habeas petition. *See* R&R at 6-7 (citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

Having concluded tolling of the limitations period is unwarranted, Judge Heffley moves to addressing Woodward's argument that he is entitled to receive the benefit of an alternative start date with respect to § 2244(d)'s one-year limitations period, specifically, a date following the Supreme Court's decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). While § 2244(d)(1)(C) provides that a petitioner may file a habeas petitioner within one year of "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court made retroactively applicable to cases on collateral review," Judge Heffley concludes that "the Supreme Court's decisions in *Miller* and *Montgomery* provide no basis for using an alternative start date" under § 2244(d)(1)(C). R&R at 7. This is because the Supreme Court "expressly limited its holding in *Miller* to juveniles 'under the age of 18 at the times of their crimes,'" and it is "undisputed that Woodward was 20 years old at the time he committed the underlying offenses." *Id.* at 8 (quoting *Miller*, 567 U.S. at 465). Judge Heffley moreover concludes that Woodward is not entitled to an alternative start date pursuant to § 2244(d)(1)(D), which recognizes the limitations period as commencing upon "[t]he date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." R&R at 8. The R&R finds that even assuming scientific studies and social science evidence as discussed in *Miller* could constitute a "factual predicate," *Miller* was decided in 2012, meaning the one-year limitations period was well expired by the time Woodward's habeas petition was filed in 2017. *Id.* at 8-9.

Finally, Judge Heffley addresses Woodward's claim of actual innocence based on his contention that his underdeveloped brain prevented him from forming the specific intent required

for first-degree murder.  The R&R concludes that, even if there is an actual innocence exception to § 2244(d)'s one-year limitations period, "actual innocence requires factual innocence, not mere legal insufficiency."  R&R at 9 (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998) and *Sweger v. Chesney*, 294 F.3d 506, 523 (3d Cir. 2002)).  Legal insufficiency, as opposed to factual innocence, is precisely what Woodward contends:  he does not claim he is innocent of the underlying act of causing another individual's death.  *See* R&R at 9-10.

For the reasons identified above, Judge Heffley recommends that Woodward's § 2254 petition be denied and dismissed in its entirety.

### D.    Woodward's objections

In Woodward's timely-filed objections, the Court identifies four distinct contentions. First, he challenges Judge Heffley's conclusion that he is not entitled to statutory tolling, arguing that the R&R "inexplicably ignored that Petitioner is entitled to statutory tolling of the AEDPA one year statute of limitations pursuant to 28 U.S.C. § 2244(d)(2)."  Objs. at. 2-3.  Woodward claims that his 2012 PCRA petition was "indisputably 'properly filed'" based upon "the state of the law at the time that it was filed and subsequently denied on May 1, 2017."  *Id.* at 3.  In support of this contention, Woodward points to *Com. v. Brosnick*, 607 A.2d 725 (Pa. 1992), in which the Pennsylvania Supreme Court discussed and applied the standard for after-discovered evidence entitling a defendant to a new trial.  According to Woodward, similar to the after-discovered evidence in *Brosnick*, "[t]he Brain Science study from the National Institute of Health were [sic] not available at trial.  Indeed, brain development science would have been accepted at the time of trial."  Objs. at 4-5.

Second, Woodward objects to the R&R's conclusion that he is not entitled to equitable tolling of the limitations period.  He rests this objection on what he claims to be "a breakdown in

the State's procedures" which he claims "stood in his wa[y]." Objs. at 6. Woodward argues he has diligently pursued his rights, however, his "place of confinement provides no mechanisms for obtaining studies revealed during litigation." *Id*. at 6-7.

Third, although it is less than clear, the Court identifies a claim of actual innocence. Woodward states that "[e]ven if the state court has determined that Petitioner has waived the issue . . . . [H]e is innocent of first-degree murder." Objs. at 5. He argues that "[c]onsidering the new Brain Science[,] a diminished capacity defense could have led the jury to believe that Petitioner could not have formed the requisite intent to be found guilty of first-degree murder." *Id.*

Fourth, and relatedly, Woodward claims that his actual innocence of first-degree murder "creates an exception to all procedural barriers for bringing constitutional claims including the time barriers erected by the AEDPA," citing in support of this contention a Tenth Circuit case, *Lopez v. Trani*, 628 F.3d 1228, 1230 (10th Cir. 2010). Objs. at 8. Although he titles this section of his filing "Alternative Start Date," whether his § 2254 petition proceeds as a result of tolling or an alternative start date does not appear to be significant. Rather, Woodward simply claims that "the totality of the evidence sought to be presented regarding diminished capacity due to an undeveloped brain" should be sufficient for his § 2254 petition to proceed, because he "could not have committed first degree murder because he could not form the requisite intent." *Id.*

## III.  STANDARD OF REVIEW:  CONTESTED REPORTS & RECOMMENDATIONS

When timely objections to a magistrate judge's report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made.  28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  Where objections are general rather than

specific, de novo review is not required. *Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir.

2013); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Uncontested portions of a report and

recommendation, as well portions to which untimely or general objections are made, may be

reviewed at a standard determined by the district court; however, at the very least, these portions

should be reviewed for "clear error or manifest injustice." *Colon-Montanez v. Delbalso*, No.

3:15-CV-02442, 2016 WL 3654504, at *1 (M.D. Pa. July 8, 2016); *Equal Employment

Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) ("[A] district court

should 'afford some level of review to dispositive legal issues raised by the report[.]' We have

described this level of review as 'reasoned consideration.'" (quoting *Henderson v. Carlson*, 812

F.2d 874, 878 (3d Cir. 1987))). A district court "may accept, reject, or modify, in whole or in

part, the findings and recommendations" contained in a report, 28 U.S.C. § 636(b)(1)(C), and

"[is] not required to make any separate findings or conclusions when reviewing a Magistrate

Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x

142, 147 (3d Cir. 2016).

## IV.     DISCUSSION

### A.     Three of Woodward's four objections are improper.

The Court finds that only one of Woodward's objections is sufficiently specific to

warrant de novo review of the R&R: his objection with regard to Judge Heffley's determination

that his 2012 PCRA petition does not toll the one-year limitations period for his habeas petition.

His remaining three objections—that he is entitled to equitable tolling of the limitations period

because "[a] breakdown in the State's procedures stood in his way," Objs. at 6; that he is actually

innocent of first-degree murder because he could not form the requisite intent, *id*. at 5, 7-8; and

that his actual innocence "create an exception to all procedural barriers" to the adjudication of his habeas petition, *id*. at 8—do not warrant de novo review, as explained below.

Woodward's objection with regard to his entitlement to equitable tolling raises an entirely new argument, one that was not presented anywhere in his habeas petition or associated documents. Consideration of arguments raised for the first time in an objection to a report recommendation is improper, and such arguments are deemed waived. *See Adkins v. Wetzel*, No. 13-3652, 2014 WL 4088482, at *3 (E.D. Pa. Aug. 18, 2014) ("[N]ew issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." (citing E.D. Pa. Local R. Civ. P. 72. 1.IV(c))); *Kightlinger v. Pennsylvania*, No. CIV.A. 11-936, 2013 WL 4504382, at *2 (W.D. Pa. Aug. 22, 2013) (explaining that consideration of issues raised for the first time in an objection to a report and recommendation "would reduce the proceedings before the magistrate[ ] Judge to a mere dress rehearsal, which is contrary to the very reason for having magistrate judges"). What's more, this argument is inherently vague: it is in no way clear how as a result of "[a] breakdown in the State's procedures" or his "place of confinement" he has been prevented from asserting his rights. Objs. at 6. Therefore, even were the Court to consider it, the ambiguity of the objection would lead only to clear error review of the R&R. *See Kennedy v. Borough of Minersville Pennsylvania*, No. 3:19-CV-0124, 2019 WL 4316218, at *1 (M.D. Pa. Sept. 11, 2019) ("Plaintiff's objections are not specific. In particular, Plaintiff does not take issue with the substance of any of the Magistrate Judge's conclusions and/or recommendations. As such, the Report and Recommendation is reviewed for clear error, and finding none, it will be adopted.").

Woodward's two objections premised on his alleged actual innocence are similarly improper, although for a different reason: the argument that his age and resulting limited

capacity prevented him from forming intent to commit first-degree murder was raised in identical fashion in his habeas petition. While arguments are deemed waived where they are raised in the first instance in objections to a report and recommendation and are not connected to the substance of the report, where arguments raised in the underlying petition are simply restated in an objection to a report and similarly fail to engage with the substance of the report, the objection invites only clear error review of the report as to that issue. *See Florez-Montano v. Scism*, No. 3:10-CV-2404, 2011 WL 837764, at *3 (M.D. Pa. Mar. 4, 2011) (reviewing a report and recommendation for clear error where, "[i]n his objections, Petitioner raises the same arguments as set forth in his § 2241 petition"), *aff'd*, 453 F. App'x 145 (3d Cir. 2011); *Kennedy*, 2019 WL 4316218, at *1 (discussing a party's failure to engage with the substance of a report and recommendation). Here, Woodward's "actual innocence" objections, in addition to being restatements of his earlier contentions, fail to identify what is incorrect with Judge Heffley's analysis on this issue—an issue which was squarely (and correctly) addressed in the R&R. *See* R&R at 9-10. Clear error review is therefore appropriate as to Woodward's "actual innocence" contentions.

Having conducted a review of the R&R for clear error[6] as to all but Woodward's first objection, the Court finds none and agrees with Judge Heffley's thorough analysis and well-reasoned conclusions. These objections are overruled accordingly. The Court next proceeds to

---

[6] The Court additionally notes the Third Circuit's guidance that "providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

address Woodward's contention that Judge Heffley erred in finding that his 2012 PCRA petition did not toll the one-year limitations period for his habeas petition.

**B.** **Woodward's 2012 PCRA petition was not "properly filed."**

As discussed, Woodward contends his 2012 PCRA petition was "indisputably 'properly filed'" based upon "the state of the law at the time that it was filed and subsequently denied on May 1, 2017," and, as a result, he is entitled to statutory tolling of 28 U.S.C. § 2244(d)'s one-year limitations period. Objs. at 3. For the reasons set forth below, the Court disagrees.

*1.* *Applicable legal principles*

Section 2244(d)(1) provides for a one-year limitations period for the filing of § 2254 habeas petitions like Woodward's, beginning on either (A) the date the challenged judgment became final; (B) the date on which an impediment to filing created by a State is removed; (C) the date on which a new constitutional right is recognized by the Supreme Court; or (D) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Section 2244(d)(2) in turn creates an exception to this limitations period, providing that

> [t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The relevant question for Woodward's habeas petition is, as he correctly recognizes in his objection, whether an underlying petition for post-conviction relief (in this case, his 2012 PCRA petition) was "properly filed" within the meaning of § 2244(d)(2).

In *Artuz v. Bennett*, the Supreme Court addressed the timeliness of petitions vis-à-vis the "properly filed" requirement, holding that time limits on post-conviction petitions are "condition[s] to filing," such that an untimely petition would not be deemed "properly filed."

531 U.S. 4, 8, 11 (2000). The Supreme Court went a step further in *Pace v. DiGuglielmo* and addressed "whether the existence of certain exceptions to a timely filing requirement can prevent a late application [for state post-conviction relief] from being considered improperly filed." 544 U.S. 408, 413 (2005). The Court resolved this question in the negative. It held that "time limits, no matter their form, are 'filing' conditions" for purposes of statutory tolling under § 2244(d)(2), reasoning that "it must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.'" *Id.* at 417. Consequently, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)).

### 2.      *Application to the instant circumstances*

Based on the settled nature of the law as to what constitutes—or, more appropriately, does *not* constitute—a "properly filed" state post-conviction petition, it is clear that Woodward's 2012 PCRA was not "properly filed." As Judge Heffley correctly observes, "the Philadelphia County Court of Common Pleas held that Woodard's PCRA petition was untimely." R&R at 6. Significantly, following her issuance of the R&R, the Superior Court affirmed decision of the Court of Common Pleas, concluding that Woodward's "petition, which was filed more than 26 years after his judgment of sentence became final, is patently untimely. As a result, the PCRA court lacked jurisdiction to review [his] petition, unless [he] alleged and proved one of the statutory exemptions to the time-bar, as set forth in Section 9545(b)(1)."[7] *Com. v. Woodward*,

---

[7]      The PCRA has a one-year limitations period, subject to three exceptions. The statute provides as follows:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

No. 1655 EDA 2017, 2018 WL 4061574, at *1 (Pa. Super. Ct. Aug. 27, 2018). The Superior Court found that Woodward failed to prove any of the statutory exceptions to the PCRA limitations period. Specifically, the court found that Woodward was unable to avail himself of the time-bar exception for newly recognized constitutional rights because *Miller* and *Montgomery* were "inapplicable" to his circumstances—it being undisputed that Woodward was twenty years old at the time of his offense. *Id*. at *2. The Superior Court also found Woodward unable to claim the exception for newly found facts, observing that "this court has expressly rejected the notion that judicial decisions constitute newly discovered facts that invoke the protections afforded by Section 9545(b)(1)(ii)." *Id*.

Because there has been a clear determination by the courts of Pennsylvania that Woodward's 2012 PCRA petition for post-conviction relief was untimely, "'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (quoting *Carey*, 536 U.S. at 226). From this determination it follows that Woodward's PCRA petition was not "properly filed" pursuant to § 2244(d)(2), and he is unable to claim statutory tolling of § 2244(d)'s one-year limitations period as a result. His objection to Judge Heffley's recommendation and

---

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa. Cons. Stat. § 9545(b)(1)(i)-(iii).

conclusion that his habeas petition is not entitled to statutory tolling is without merit, and as such it is overruled.[8]

### C.    Woodward's 2012 PCRA petition cannot toll an expired limitations period.

Judge Heffley's recommendation that Woodward's habeas petition be denied the benefit of statutory tolling was also based on the conclusion that, because his PCRA petition "was filed 15 years after the AEDPA statute of limitations expired," the PCRA petition "did not toll an already expired statute of limitations."  R&R at 5-6.  Although Woodward's objection does not squarely take issue with this conclusion, the Court briefly notes that Judge Heffley's conclusion is correct as a legal matter.

A state post-conviction petition, even if "properly filed," may not guarantee statutory tolling under § 2244(d)(2):  even a timely petition cannot operate to toll § 2244(d)(1)'s one-year limitations period after the period has already expired, because, in such a situation, "there is nothing left to be tolled."  *Perry v. Diguglielmo*, No. CIV.A. 06-1560, 2008 WL 564981, at *7 (W.D. Pa. Feb. 29, 2008); *Morris v. Mazurkiewcz*, No. CIV.A. 10-7174, 2011 WL 2708498, at *3 (E.D. Pa. June 8, 2011) ("[T]he PCRA petition was filed after the expiration of the AEDPA statute of limitations . . . and does not toll an already expired statute of limitations."), *report and recommendation adopted*, No. CIV.A. 10-7174, 2011 WL 2709181 (E.D. Pa. July 11, 2011); *Fried v. Horn*, No. CIV.A. 02-8314, 2003 WL 23142179, at *3 (E.D. Pa. Aug. 11, 2003) ("The

---

[8]    Additionally, Woodward's reliance on *Com. v. Brosnick*, 607 A.2d 725 (Pa. 1992) in support of his objection is misplaced.  *See* Objs. at 4-5.  *Brosnick* dealt with after-discovered evidence, while Woodward's objection is based on the timeliness of his PCRA petition.  To the extent the former bears on the latter, the Superior Court in its decision on Woodward's appeal made clear that judicial decisions do not constitute newly discovered "facts" that invoke the protections of the PCRA's tolling provision.  *See Com. v. Woodward*, 2018 WL 4061574, at *2 (citing *Com. v. Brandon*, 51 A.3d 231, 235 (Pa. Super. Ct. 2012)).

section 2244 tolling provisions can only 'pause a clock that has not yet fully run'; they cannot 'restart the clock at zero.'" (quoting *Blasi v. Attorney Gen. of the Commonwealth of Pa.,* 30 F. Supp. 2d 481, 485 (M.D. Pa. 1998)), *report and recommendation adopted,* No. 02-CV-8314, (E.D. Pa. Nov. 25, 2003).

Therefore, even were Woodward's PCRA petition timely, and otherwise "properly filed" for purposes of § 2244(d)(2), it would have no tolling effect because it was filed after the expiration of the one-year limitations period for his habeas petition, April 24, 1997. Nor would *any* "properly filed application for State post-conviction or other collateral review" filed after this date. 28 U.S.C. § 2244(d)(2).

**D.      Woodward's underlying constitutional claim is without merit.**

Finally, the Court briefly notes that even were his habeas petition timely filed, his underlying constitutional claim—that under the Supreme Court's holdings in *Miller v. Alabama* and *Montgomery v. Louisiana,* his sentence of life without parole is violative of his Eighth Amendment rights because, notwithstanding that he was twenty years old at the time of his 1984 offense, his brain had not fully matured—is completely without merit. This is clear enough from the plain language of the Court's decision in *Miller*: "[w]e therefore hold that mandatory life without parole *for those under the age of 18 at the time of their crimes* violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller,* 567 U.S. at 465 (emphasis added). As it is undisputed that Woodward was not under the age of eighteen at the time off the offence in 1984, *Miller,* and consequently, *Montgomery,* are inapplicable. Nor is this up for debate: since *Miller*'s issuance, countless courts have agreed that its holding applies exclusively to juveniles. *See, e.g., Mitchell v. Ferguson,* No. CV 17-2089, 2018 WL 4169329, at *4 (E.D. Pa. July 23, 2018) ("The Superior Court correctly determined that since petitioner was

not a juvenile when he murdered Michael Lambert on October 12, 2004, neither *Miller* nor *Montgomery* applied."), *report and recommendation adopted*, No. CV 17-2089, 2018 WL 4145057 (E.D. Pa. Aug. 30, 2018); *Brown v. Harlow*, No. CIV.A. 13-4554, 2014 WL 1789012, at *4 (E.D. Pa. May 5, 2014) ("As [petitioner] was not a juvenile at the time he committed the murders and related offenses in March 1989, the mandatory sentences imposed upon him of life without the possibility of parole is not implicated by the Supreme Court's *Miller* decision."); *Butler v. Wetzel*, No. CIV.A. 13-3265, 2014 WL 502362, at *1 (E.D. Pa. Feb. 6, 2014) (finding that petitioner "does not fall within the potential ambit of [*Miller*] because he was over 19 years old when he committed the crime for which he was convicted," and concluding that "[w]e do not believe that reasonable jurists could debate that *Miller* applies only to juveniles and is therefore inapplicable to [petitioner's] claims").

### E. There is no basis for the issuance of a certificate of appealability.

A certificate of appealability ("COA") should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (quoting 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the denial of a habeas petition is based on procedural grounds and the Court does not reach the underlying constitutional claim, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Woodard's habeas petition is dismissed because it is untimely. Therefore, he is entitled

to a COA if reasonable jurists could disagree as to whether (1) his petition was timely filed, and (2) his petition states a constitutional claim. For the reasons discussed at length herein and in the R&R, it is not the case that reasonable jurists could disagree as to either of these things, let alone both. The law is well settled against Woodward's petition. Consequently, he is not entitled to a COA.

## V.      CONCLUSION

After a de novo review of those portions of Judge Heffley's R&R and all underlying documents related to Woodward's single proper objection as discussed herein, and after a clear error review of the remainder of the R&R and underlying documents, this Court fully agrees with Judge Heffley's well-reasoned analysis and conclusions. Woodward's objections to the R&R are overruled, the R&R is adopted, and the habeas petition is dismissed. The Court further declines to issue a COA or order an evidentiary hearing.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge